**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAROY MUSKIN,               )
                                     )
              Petitioner,      )
                                     )     Case No. 14 C 1934
          v.                  )
                                     )
UNITED STATES OF AMERICA,     )
                                     )
              Respondent.     )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner LaRoy Muskin's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Muskin's Section 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

### PROCEDURAL BACKGROUND

On June 23, 2010, a grand jury returned a superseding multi-defendant indictment charging Muskin with conspiring to possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One), and possessing with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Counts Four and Five). On January 27, 2011, Muskin entered a plea of guilty to Count One of the superseding indictment without a plea agreement. On September 20, 2011, the Court sentenced Muskin to 292 months in prison.

On March 22, 2012, the United States Court of Appeals for the Seventh Circuit remanded Muskin's case for resentencing. On August 16, 2012, the Court resentenced Muskin. First, the Court assigned a base offense level of 36 for a drug quantity of ten to thirty kilograms of heroin.

The Court then added a two-level enhancement for possession of firearms by coconspirators under U.S.S.G. § 2D1.1(b)(1).  Also, the Court deducted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  Therefore, Muskin's level offense was 35.  Based on his Criminal History Category of VI, the corresponding guideline range was 292 to 365 months in prison.  After reviewing the factors in 18 U.S.C. § 3553(a), the Court sentenced Muskin to the statutory maximum sentence of 240 months, which was well below the guideline range.

Muskin filed a notice of appeal on August 17, 2012.  On April 10, 2013, Muskin's appellate counsel moved to voluntarily dismiss his appeal pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f) that the Seventh Circuit granted on that same day.

## FACTUAL BACKGROUND

Beginning no later than 2007 and continuing until on or about October 8, 2009, Muskin conspired with Richard Harrington and others to possess, package, and sell heroin and other drugs on the west side of Chicago.  Specifically, in early 2007, Harrington asked Muskin to assist him in packaging heroin that Harrington ultimately sold to various distribution spots in Chicago.  Harrington also asked Muskin to drive the packaged heroin to the various distribution spots.  Muskin agreed and started working for Harrington on an almost daily basis.

Harrington and others prepared the heroin for distribution at various stash houses that Harrington owned.  In preparing the heroin, Harrington first mixed it with a substance to dilute it for street sale.  Thereafter, Muskin and others laid out individual size pieces of aluminum foil on large folding tables.  After the heroin was mixed, they would spoon the processed heroin onto the individual pieces of aluminum foil.   Muskin and others then folded the aluminum foil pieces to prepare the heroin for distribution.

After the heroin was processed and packaged, Muskin delivered the heroin to Harrington's various distribution spots. Also, Muskin was responsible for picking up money that purchasers owed to Harrington from the sale of heroin. Muskin processed and packaged heroin for Harrington almost every day during the relevant time period. During this time period, Harrington's organization processed and packaged between 10 and 30 kilograms of heroin.

## LEGAL STANDARD

"[R]elief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). More specifically, under Section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). Accordingly, a Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under 2255 "will not be allowed to do service for an appeal"); *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) ("A § 2255 petition is 'not a substitute for a direct appeal.'") (citation omitted). If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Sandoval v. United States,* 574 F.3d 847, 850-51 (7th Cir. 2009), or that enforcing the procedural default would lead to a

"fundamental miscarriage of justice." *Fleming,* 676 F.3d at 625. Because claims of ineffective

assistance of counsel often involve evidence outside of the trial record, such claims may be

brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500,

504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Flores,* 739 F.3d 337, 341 (7th

Cir. 2014).

## ANALYSIS

Construing his pro se Section 2255 motion liberally, *see McDowell v. Lemke,* 737 F.3d

476, 482 (7th Cir. 2013), Muskin maintains that his trial counsel was constitutionally ineffective

for failing to object to the two-level gun enhancement U.S.S.G. § 2D1.1(b)(1) and because

counsel failed to object to the imposition of the statutory maximum sentence. Muskin also

contends that his appellate counsel was constitutionally ineffective.

## I.      Ineffective Assistance of Trial Counsel Claims

To establish constitutionally ineffective assistance of trial counsel, Muskin must show

that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and

(2) "but for counsel's unprofessional errors the result of the proceeding would have been

different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984); *see also Blake v. United States,* 723 F.3d 870, 879 (7th Cir. 2013). "To reflect the wide

range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's]

review of an attorney's performance is highly deferential and reflects a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li*

*v. United States,* 648 F.3d 524, 527-28 (7th Cir. 2011). To establish prejudice, Muskin must

"show that there is a reasonable probability that, but for counsel's errors, the result of the

proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Blake,* 723 F.3d at 879.

### A. Two-level gun enhancement under U.S.S.G. § 2D1.1(b)(1)

Muskin first argues that his trial counsel was constitutionally ineffective for failing to object to the Presentence Investigation Report's ("PSR") recommendation of a two-level gun enhancement under U.S.S.G. § 2D1.1(b)(1). At sentencing, however, Muskin stated under oath that he reviewed the PSR with his counsel and agreed that there was no dispute with the PSR's recommendations. More specifically, the relevant exchange at August 16, 2012 sentencing hearing is as follows:

> THE COURT: Good morning.
>
> You are here for resentencing, consistent with the Seventh Circuit's order.
>
> Are you ready to proceed?
>
> MS. FOLEY [Trial Counsel]: Yes.
>
> MS. BIESENTHAL [AUSA]: We are.
>
> THE COURT: Ms. Foley, have you reviewed the corrected Presentence Investigation Report and reviewed it with Mr. Muskin?
>
> MS. FOLEY: Yes, ma'am.
>
> THE COURT: I did receive your sentencing memo on remand, which really raises 3553 factors. Other than the 3553(a) factors there, do you have any comments, corrections or objections to the information in this document?
>
> MS. FOLEY: None. I do not.
>
> THE COURT: Mr. Muskin, sir, have you reviewed the corrected Presentence Investigation Report with your lawyer?
>
> THE DEFENDANT: Uh-huh.

THE COURT:  You have to answer "Yes" or "No."

THE DEFENDANT:  Oh. Yes.

THE COURT:  Do you have any comments, corrections or objections to any of the information in this document?

THE DEFENDANT:  No, ma'am.

(09 CR 814-9, R. 612, 8/16/12 Sent. Tr. at 2-3.)

Further, counsel's decision not to object to the two-level gun enhancement under U.S.S.G. § 2D1.1(b)(1) was sound strategy based on established legal precedent and the facts of this case.  *See Blake*, 723 F.3d at 879.  To clarify, the enhancement under U.S.S.G. § 2D1.1(b)(1) "is not only applicable for the defendant who actually possesses a gun in the course of a drug offense," but defendants "can also be on the hook for firearms possessed by their coconspirators so long as such possession was reasonably foreseeable."  *United States v. Block,* 705 F.3d 755, 763 (7th Cir. 2013) (citation omitted).  Based on the evidence in the record, including testimony of witnesses and coconspirators, Muskin was aware that other members of the conspiracy possessed firearms.  Thus, Muskin's argument that his counsel's performance was deficient because Muskin never actually acknowledged that any members of the conspiracy were in possession of firearms is unavailing.

Moreover, in light of counsel's various objections and arguments made at sentencing, including mitigating factors pursuant to 18 U.S.C. § 3553(a), trial counsel's performance at sentencing — viewed as a whole — was not constitutionally deficient.  *See Atkins v. Zenk,* 667 F.3d 939, 945 (7th Cir. 2012).

Because Muskin cannot establish that his counsel's performance was constitutionally deficient, the Court need not determine whether counsel's failure to object to the two-level gun

enhancement under U.S.S.G. § 2D1.1(b)(1) was prejudicial. *See George v. Smith,* 586 F.3d 479,

485-86 (7th Cir. 2009) ("If a defendant is unable to make a sufficient showing on either

component of the *Strickland* standard, we need not consider the other component.") (citation

omitted); *see also Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011). As such, Muskin's first

ineffective assistance of counsel claim fails.

### B.       Statutory Maximum

Next, Muskin maintains that trial counsel was constitutionally ineffective because

counsel should have objected to the imposition of the statutory maximum sentence under 18

U.S.C. § 841(b)(1) due to his guilty plea to conspiracy 18 U.S.C. § 846. More specifically,

Muskin argues that he pleaded guilty to conspiracy under 18 U.S.C. § 846, which does not have

a statutory maximum sentence, yet the Court sentenced him to the statutory maximum of 240

months under 18 U.S.C. § 841(b)(1), for conspiring to possess with the intent to distribute

controlled substances. As 18 U.S.C. § 846 makes abundantly clear:

> Any person who attempts or conspires to commit any offense defined in this
> subchapter shall be subject to the same penalties as those prescribed for the
> offense, the commission of which was the object of the attempt or conspiracy.

Moreover, at his change of plea hearing, the government informed Muskin that it would

seek the statutory maximum of twenty years under 18 U.S.C. § 841(b)(1). (09 CR 0814, R. 473,

1/27/11, Tr., at 11-12.) In addition, at his change of plea hearing, the Court advised Muskin as

follows:

> THE COURT:   [D]o you also understand ... that the government, pursuant to the
> 851 notice it filed, will seek to have a 20-year mandatory minimum imposed on
> you?
>
> DEFENDANT: Yes, ma'am.

(*Id.* at 16-17.)  As such, Muskin was well aware that he pleaded guilty to the underlying drug

count that was part of the conspiracy.  Hence, Muskin's second ineffective assistance of counsel

claim is factually and legally baseless.

## II.      Ineffective Assistance of Appellate Counsel

Muskin also argues that his appellate counsel was constitutionally ineffective.  As with

ineffective assistance of trial counsel claims, courts apply the two-prong test set forth in

*Strickland* to evaluate the effectiveness of appellate counsel.  *See Warren v. Baenen,* 712 F.3d

1090, 1105 (7th Cir. 2013).  Under the *Strickland* performance prong, an appellate counsel's

performance is constitutionally deficient if counsel fails to appeal an issue that is obvious and

clearly stronger than the claims counsel raised on appeal.  *See Blake,* 723 F.3d at 888; *Johnson v.*

*Thurmer,* 624 F.3d 786, 793 (7th Cir. 2010).  In this context, appellate counsel need not raise

every non-frivolous claim, but should select among claims to maximize the likelihood of success

on appeal.  *See Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000);

*McNary v. Lemke,* 708 F.3d 905, 920 (7th Cir. 2013).  To establish the *Strickland* prejudice

prong, Muskin must show that "there is a reasonable probability that the issues his appellate

attorney did not raise would have altered the outcome of the appeal.  *See Shaw v. Wilson*, 721

F.3d 908, 918 (7th Cir. 2013); *Brown v. Finnan,* 598 F.3d 416, 425 (7th Cir. 2010).

Here, Muskin contends that his appellate counsel was constitutionally ineffective for

failing to raise his arguments regarding U.S.S.G. § 2D1.1(b)(1) and his statutory maximum

sentence.  As discussed above, these claims have no merit and it is well-established that counsel

cannot be constitutionally ineffective under the Sixth Amendment for failing to raise meritless

claims.  *See Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983);

*Warren,* 712 F.3d at 1104.

Finally, Muskin argues that his appellate counsel was constitutionally ineffective for failing to discuss the voluntary dismissal of his appeal. Muskin's argument is belied by the fact that attached to his motion to dismiss the appeal is his signed statement concurring with his appellate attorney's decision to voluntary dismiss the appeal. In that statement, Muskin also waived his right to object or raise any issues on appeal. (12-2965, R. 17.) Accordingly, this ineffective assistance of appellate counsel claim fails because it is factually baseless.

## III.     Evidentiary Hearing

Because the motion, files, and records of this case conclusively show that Muskin is not entitled to any relief under Section 2255, the Court need not hold an evidentiary hearing under the circumstances. *See Yu Tian Li,* 648 F.3d at 532; *Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011); 28 U.S.C. § 2255(b).

## IV.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant Muskin a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his Section 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931

(2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *Fleming,* 676 F.3d at 625. Under this standard, Muskin must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Muskin has not established that jurists of reason would debate that the Court should have resolved his Section 2255 motion differently. As such, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** May 16, 2014

> **ENTERED**
>
> _____
> **AMY J. ST. EVE**
> **United States District Court Judge**